UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

McCULLOCH ORTHOPEDIC SURGICAL SERVICES,
PLLC a/k/a DR. KENNETH E. McCULLOCH,

                                 Plaintiffs,

       -against-

UNITED HEALTHCARE INSURANCE COMPANY OF
NEW YORK a/k/a OXFORD (PATIENT MARY BETH
YARROW),

                              Defendant.

------------------------------------------------------------------------X

Civ. Action. No.
14-cv-6989 (JPO)

DOCUMENT
ELECTRONICALLY FILED

---

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF APPLICATION FOR ATTORNEY'S FEES

---

SEDGWICK LLP
*Attorneys for Defendant*
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
(Sedgwick file no. 03246-000252)

*John T. Seybert*
     Of Counsel

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT.................................................................................................1

ARGUMENT............................................................................................................................3

POINT I THIS COURT HAS JURISDICTION TO AWARD ATTORNEY'S FEES AND
COSTS TO OXFORD ..............................................................................................3

POINT II THE COURT MAY ALSO AWARD ATTORNEY'S FEES TO OXFORD UNDER
THE CHAMBLESS FACTORS ANALYSIS............................................................4

          a.      McCulloch's Refusal To Acknowledge The
                 Applicability Of ERISA.......................................................................4

CONCLUSION.........................................................................................................................9

CERTIFICATE OF SERVICE ................................................................................................11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Biomed Pharm., Inc.* v. *Oxford Health Plans (N.Y.), Inc.*,
  522 F. App'x 81 (2d Cir. 2013)............................................................................................9

*Chambless* v. *Masters, Mates & Pilots Pension Plan*,
  815 F.2d 869 (2d Cir. 1987) ........................................................................................1, 3, 4, 9

*Hardt* v. *Reliance Standard Ins. Co.*,
  560 U.S. 242 (2010)........................................................................................................1

*Krauss* v. *Oxford Health Plans, Inc.*,
  517 F.3d 614 (2d Cir. 2008) ..........................................................................................9

*Levitian* v. *Sun Life and Health Ins. Co.*,
  No. 11-2063-cv, 2012 WL 2299302 (2d Cir. June 19, 2012)........................................4

*McCulloch Orthopaedic Surgical Servs., PLLC* v. *Aetna U.S. Healthcare*,
  No. 15-CV-2007 KBF, 2015 WL 2183900 (S.D.N.Y. May 11, 2015) ........................7

*McCulloch Orthopaedic Surgical Servs., PLLC* v. *Cigna Health & Life Ins. Co.*,
  No. 15 CIV. 2244 CM, 2015 WL 3526951 (S.D.N.Y. June 3, 2015)...........................7

*McCulloch* v. *Empire Healthchoice Assurance, Inc.*,
  15 Civ. 03995(VSB)........................................................................................................8

*Montefiore Medical Center* v. *Teamsters Local 272*,
  642 F.3d 321(2d Cir. 2011) ...................................................................................passim

*Plastic Surgery Group, P.C.* v. *United Healthcare Ins. Co. of New York*,
  64 F. Supp. 3d 459 (E.D.N.Y. 2014) ...........................................................................9

*Scarangella* v. *Group Health Inc.*, 731 F.3d 146, 153 (2d Cir. 2014) ...............................1

*Sewell* v. *1199 National Benefit Fund for Health and Hunan Service*,
  No. 04 Civ. 4474 (JSR), 2007 WL 1434952 (S.D.N.Y. May 15, 2007) ...................3, 7

*Simon* v. *Gen. Elec. Co.*,
  263 F.3d 176 (2d Cir. 2001) ..........................................................................................3

*Spenrath* v. *Guardian Life Ins. Co. of Am.*,
  No. 4:11-cv-1979, 2014 WL 710412 (S.D. Tex. Feb. 21, 2014),
  *aff'd* 564 Fed. App'x 93 (5th Cir. 2014)......................................................................3

*Toussaint* v. *J.J. Weiser, Inc.*,
  648 F.3d 108 (2d Cir. 2011) ..........................................................................................4

*U.S. Airways, Inc.* v. *McCutchen*,
    133 S.Ct. 1537 (2013)........................................................................................................4

*Vera* v. *Saks & Co.*
    335 F.3d 109 (2d Cir. 2003) ...........................................................................................6


**<u>STATUTES</u>**

Employee Retirement Income Security Act of 1974
    ("ERISA") §502(g)(1), 29 U.S.C. §1132(g)(1) ...........................................................1


**<u>RULES</u>**

FED. R. CIV. P., Rule 12 ...............................................................................................8

FED. R. CIV. P., Rule 54(d)(2)......................................................................................1

## PRELIMINARY STATEMENT

Defendant Oxford Health Plans (NY), Inc. incorrectly sued herein as "United Healthcare Insurance Company Of New York a/k/a Oxford" ("Oxford") respectfully submits this Reply Memorandum of Law in response to Plaintiff Kenneth McCulloch Orthopedic Surgical Services, PLLC's ("McCulloch") Opposition[1] and in further support of its application pursuant to Rule 54(d)(2), FED. R. CIV. P., for an award of attorney's fees and costs as against Plaintiff, Plaintiff Kenneth McCulloch Orthopedic Surgical Services, PLLC's ("McCulloch"), under the Employee Retirement Income Security Act of 1974 ("ERISA") §502(g)(1), 29 U.S.C. §1132(g)(1).

In its application for attorney's fees, Oxford demonstrated that it had obtained "some degree of success on the merits"[2] because this Court dismissed McCulloch's claims on ERISA-preemption grounds and that the Court should award attorney's fees in this case because the five factors set forth in the *Chambless* v. *Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987) weigh in favor of awarding fees to Oxford.  Oxford further demonstrated that its hourly rates and fees incurred were reasonable.  McCulloch concedes all of Oxford's arguments with the exception of two issues: (1) McCulloch argues that an ERISA attorney fee award is not appropriate because it never alleged a claim for ERISA benefits; and (2) McCulloch's litigation tactics did not rise to the level of bad faith under the *Chambless* test.  Neither argument provides a basis to deny Oxford attorney's fees in this action.

First, ERISA §502(g)(1), 29 U.S.C. §1132(g)(1) provides for an award of attorney's fees in "any action under this subchapter . . .by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  McCulloch

---

[1] Plaintiff's Opposition consists of its Memorandum of Law dated July 17, 2015 (Doc. No. 74) and Declaration of Kenneth J. McCulloch dated July 17, 2015 (Doc. No. 75).
[2] *Hardt* v. *Reliance Standard Ins. Co.*, 560 U.S. 242, 256 (2010); *see Scarangella* v. *Group Health Inc.*, 731 F.3d 146, 153 (2d Cir. 2014).

argues that because he refuses to acknowledge that he could allege a claim as a beneficiary of ERISA plan benefits he cannot be held responsible for attorney's fees.  But this argument is incorrect for several reasons.  Most importantly, this Court already ruled that McCulloch "has a derivative right to sue as a beneficiary of the Patient's healthcare plan" (Doc. No. 65, p. 7), and therefore, was a party that could have alleged a claim for benefits.  Second, this Court ruled that McCulloch's state law claim was completely preempted by ERISA, which ruling was consistent with *Montefiore Medical Center* v. *Teamsters Local 272*, 642 F.3d 321(2d Cir. 2011).  The fact that McCulloch refused to pursue the claim under ERISA — the only viable claim it could allege to recover the benefits it seeks — does not divest this Court of jurisdiction to award attorney's fees to Oxford.

McCulloch's second argument that his litigation tactics did not rise to the level of "bad faith" is equally misplaced.  McCulloch's bad faith is manifest.  It unilaterally amended its Complaint to obscure evidence that established that its claim was preempted by ERISA after realizing controlling law on point doomed its promissory estoppel claim.  McCulloch filed serial motions for remand, refusing to acknowledge controlling law on point without any reasonable basis for arguing a change in the law.  Indeed, as McCulloch acknowledges, its position has resulted in three separate district court opinions in this district ruling that its claims of promissory estoppel are completely preempted by ERISA.  All three opinions were consistent with controlling law from the Second Circuit in *Montefiore Medical Center*.  Moreover, McCulloch provided evidence that he has filed scores of cases alleging promissory estoppel and daring the defendants to remove them to federal court on ERISA-preemption grounds.  There should be some financial disincentive to McCulloch to discourage his continued claims against claim administrators for employee welfare benefit health plans attempting to plead around ERISA to obtain benefits that it is otherwise not entitled to receive.

For these reasons as set forth in Oxford's Memorandum of Law and as set forth below, this Court should award Oxford its attorney's fees of not less than $37,235.00 and costs of $455.00 in filing fees.

## ARGUMENT

## POINT I

## THIS COURT HAS JURISDICTION TO AWARD ATTORNEY'S FEES AND COSTS TO OXFORD

ERISA §502(g)(1), 29 U.S.C. §1132(g)(1) authorizes this Court to award attorney's fees and costs to either party to a claim for benefits.  McCulloch argues that this Court lacks the authority to award attorney's fees under the statute because McCulloch is not a beneficiary under the ERISA-governed Plan.  But McCulloch is a beneficiary that may assert a claim for benefits.  As this Court ruled, McCulloch purported to be an assignee of the patient's right to receive benefits as demonstrated on the claim form.  (Doc. No. 65, p. 7).  This is consistent with the rulings in *Montefiore Medical Center* and *Simon* v. *Gen. Elec. Co.,* 263 F.3d 176, 178 (2d Cir. 2001).  (Doc. No. 65, pp. 7-8).  The fact that he may not ultimately prevail on an ERISA-governed claim does not mean that he is not subject to having an award of attorney's fee entered against him.  Numerous cases demonstrate the contrary.  *See, e.g. Sewell* v. *1199 National Benefit Fund for Health and Hunan Service,* No. 04 Civ. 4474 (JSR), 2007 WL 1434952 (S.D.N.Y. May 15, 2007)(awarding $148,275.69 in attorney's fees to fund against medical doctor).

As demonstrated in *Spenrath* v. *Guardian Life Ins. Co. of Am.*, No. 4:11-cv-1979, 2014 WL 710412 (S.D. Tex. Feb. 21, 2014), *aff'd* 564 Fed. App'x 93 (5th Cir. 2014), this Court does not need to review the *Chambless* factors in order to award fees in its discretion.  The Court may simply award fees after determining that the party obtained some degree of success on the merits. *See Toussaint* v.

*J.J. Weiser, Inc.,* 648 F.3d 108, 110 (2d Cir. 2011).  Accordingly, this Court may award attorney's fees

to Oxford in the amount of not less than $37,235.00 and costs of $455.00 in filing fees.

### POINT II
### THE COURT MAY ALSO AWARD ATTORNEY'S FEES TO OXFORD UNDER THE *CHAMBLESS* FACTORS ANALYSIS

As demonstrated in its Memorandum of Law, even under the *Chambless*[3] factors analysis,

Oxford is entitled to attorney's fees and costs.  *See Levitian* v. *Sun Life and Health Ins. Co.,* No. 11-

2063-cv, 2012 WL 2299302 (2d Cir. June 19, 2012).  McCulloch concedes that all of the five

*Chambless* factors weigh in favor of granting Oxford attorney's fees, except that McCulloch argues

that he did not act with the requisite degree of bad faith for an award of attorney's fees.  Initially, it

should be noted that no one factor is dispositive of an award of attorney's fees. *See Chambless,* 815

F.3d at 871.

### a.    *McCulloch's Refusal To Acknowledge The Applicability Of ERISA.*

McCulloch argues that its actions cannot be interpreted as "bad faith" to rise to a level

sufficient for an award of attorney's fees.  McCulloch's arguments are wrong.  McCulloch's litigation

strategy manifests an intent to plead around ERISA preemption because he knew that his claims

were contrary to the written ERISA Plan terms.  *See U.S. Airways, Inc.* v. *McCutchen,* 133 S.Ct. 1537,

1547 (2013) (rejecting equitable remedies to obtain something other than the plan terms provided,

stating "But if the agreement governs, the agreement governs. .. ."). Here, McCulloch commenced

an action against Oxford alleging that in connection with the claim administration an oral promise

had been made to pay more than would be allowed under the ERISA Plan. (Doc. No. 1, Ex. "A", ¶¶

15-20 ("Complaint")).  McCulloch's Complaint seeks to recover an additional $14,838.14 in Plan

benefits from Oxford in connection with the services in issue.  (Complaint, ¶20).  These additional

---

[3] *Chambless* v. *Master, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987).

benefits would only be payable if the Patient was entitled to them under the terms of the Plan. Indeed, Oxford's only obligation is to pay for services rendered to the Patient as required by the terms, conditions, limitations and exclusions of the Patient's Plan. (Complaint, Att. "A"; Patterson Dec., Ex. "A", pp. 13, 32-35, 125). As the explicit terms of the Plan explain, reimbursement for covered out-of-network services will be paid at "140% of Medicare." (*Id.* at p. 13). The Plan also directs the Patient to the source for calculating the reimbursement amount. *Montefiore*, 642 F.2d at 331. Thus, McCulloch was, at best, entitled to receive the amounts Oxford paid on the claim pursuant to Plan terms. (*Id.*). There was no basis for McCulloch to claim entitlement to anything more from Oxford, except if he could allege some sort of scheme as an end-run around ERISA. In fact, the U.S. Court of Appeals rejected the same arguments in *Montefiore Medical Center*. Therefore, McCulloch's claim was contrary to controlling law.

While it appears that McCulloch may have been unaware of the decision in *Montefiore Medical Center* when it brought this action, he then demonstrated a willful intent to misstate facts that it knew it could not prove and to obscure evidence contradicting its position in an effort to avoid the controlling precedent of *Montefiore Medical Center*. First, it submitted an Affidavit from Jennifer Cuevas on reply. (Doc. No. 24). In her Affidavit, Ms. Cuevas attempts to explain away the meaning of well-known and uniformly understood procedures for claim processing in the healthcare industry. For example, Ms. Cuevas stated "[w]e billed for this surgery based on the promise from Defendant that it would pay. We do not ask about whether the insured is covered by an ERISA plan, or whether the person has a private policy or a government policy." (Doc. No. 24, ¶9). The exhibits she attached to her Affidavit demonstrated that McCulloch understood coverage was being provided based on an insurance plan. (Doc. No. 24, Exs. "1" through "4"). They also demonstrated that she contacted Oxford and asked about the coverage available under the Plan, McCulloch received a letter pre-certifying the services and explaining the benefits available under the Plan, submitted a

claim to Oxford for payment of the services and received notice of the payment under the Plan, which payment was made to the patient.  (*Id.*).

Second, when faced with the reality that its claims fit neatly within the controlling law from *Montefiore Medical Center* and Ms. Cuevas's affidavit was insufficient to avoid ERISA preemption, McCulloch sought to obscure that information from the Court. McCulloch filed an "Amended Complaint", which did nothing more than remove the exhibits to the Complaint containing the evidence the Second Circuit relied on in *Montefiore Medical Center* to reach its determination that the claim was completely preempted.  (*Compare Complaint with* Doc. No. 38).  Notably, all of the exhibits that showed that McCulloch obtained precertification under the Oxford Plan, billed Oxford and received payment under the terms of the Plan were removed.  (*Id.*).  While McCulloch tries to provide a basis for removing these exhibits, its actions demonstrate an attempt to remove these relevant documents from the court's review in order to misstate facts that McCulloch knew were contradicted by the exhibits attached to the original complaint.

Third, McCulloch then filed *another motion to remand* purportedly based on the Amended Complaint in an attempt to avoid the problems it faced when it filed its first motion to remand. Since the exhibits annexed to the Complaint established ERISA preemption, he removed those documents and then argued that they should be irrelevant.  (Doc. No. 43, p. 2).  This action establishes bad faith because: (1) McCulloch was willing to pursue arguments based on facts that he knew he could never prove; and (2) he misrepresented the law, arguing that the Court could not consider the exhibits establishing ERISA preemption, when the law clearly stated that the Court could consider the exhibits. *See Vera* v. *Saks & Co.* 335 F.3d 109, 116, n. 2 (2d Cir. 2003).

Fourth, In the instant matter, McCulloch could have dismissed his action when he realized that the claim was completely preempted by ERISA.  He chose not to do so. Instead, he attempted to limit the evidence that the Court could examine.  Indeed, he made legally meritless arguments that

the Court could not consider the exhibits attached to the Complaint because the Complaint was "dead letter", when that case law was inapplicable and there was case law on point to the contrary. In addition, he ignored controlling precedents from the Second Circuit in *Montefiore Medical Center*. All of this was done to obtain some advantage over Oxford by avoiding ERISA because he knew he could not prove his claim under the appropriate case law.

Fifth, in addition to this case, McCulloch provides evidence of other similar actions he has brought attempting to avoid ERISA preemption.  McCulloch similarly lost its argument that its promissory estoppel claim was not preempted by ERISA.  *See, e.g., McCulloch Orthopaedic Surgical Servs., PLLC* v. *Cigna Health & Life Ins. Co.*, No. 15 CIV. 2244 CM, 2015 WL 3526951, at *1 (S.D.N.Y. June 3, 2015);  *McCulloch Orthopaedic Surgical Servs., PLLC* v. *Aetna U.S. Healthcare*, No. 15-CV-2007 KBF, 2015 WL 2183900, at *1 (S.D.N.Y. May 11, 2015).  These issues are well-established in this Circuit and McCulloch's attempts avoid ERISA-preemption were improper and would be deterred by an award of attorney's fees.

The facts in this case are similar to those in *Sewell* v. *1199 National Benefit Fund For Health And Human Services*, No. 04 Civ. 4474(JSR), 2007 WL 1434952 (S.D.N.Y. May 15, 2007), where a medical provider sought to recover fees from an ERISA-governed plan in excess of the amount that the plan provided.  In *Sewell*, the Court held a seven-day bench trial before it was determined that the medical provider was not entitled to additional reimbursement because he used billing codes in an attempt to obtain a greater reimbursement.   In *Sewell*, 2007 WL 1434952, at *1, U.S. District Court Judge Rakoff ruled that the medical provider was culpable for overbilling and ruled that "[a]s clearly culpable parties operating in bad faith, plaintiffs fall outside of the scope of th[e] general rule" of the favorable slant toward discouraging claimants from bringing cases.

McCulloch also seems to try to justify his position by citing to twelve other cases he has filed against Empire Blue Cross. (Declaration of Kenneth McCulloch dated July 17, 2015, p.2, Doc. No.

75).  But this only serves to prove the need for deterrence.  McCulloch is attempting to flood the court system with these complaints.  Meanwhile, McCulloch is well aware of the fact that three separate district court opinions have applied controlling precedent from *Montefiore Medical Center* to determine that the claims are completely preempted.  An award of attorney's fees in this case will discourage McCulloch from continuing to bring these claims against other ERISA benefit plans when he knows that the claims clearly lack any merit.

McCulloch argues that Oxford needlessly extended the briefing on this issue because it filed a motion to dismiss and the only motion that really needed to be decided was McCulloch's motion to remand.  This argument is baseless for at least two reasons.  First, Oxford filed its motion to dismiss before McCulloch filed its motion to remand.  (Doc. No. 3-7).  Indeed, Rule 12, FED. R. CIV. P., required a response to McCulloch's pleading.  Second, it was McCulloch's tactics that resulted in huge attorney's fees and burden on this Court.  McCulloch filed two motions to remand with no explanation for filing a second motion after the first was fully-briefed.  McCulloch filed an Amended Complaint without seeking leave.  (Doc. No. 38).  McCulloch filed a reply affidavit attempting to introduce new facts on reply.  (Doc. No. 24).  Therefore, it was McCulloch's litigation tactics that resulted in these expenses and costs and to date, he has not provided any reasonable excuse for these actions.  Second, while McCulloch points to the Order in *McCulloch* v. *Empire Healthchoice Assurance, Inc.*, 15 Civ. 03995(VSB), pending in the U.S. District Court for the Southern District of New York, where Judge Broderick ordered that the briefing on the motion to dismiss be adjourned until a ruling on the motion to remand, this Order was contrary to the position taken by McCulloch in that case.  Specifically, McCulloch explained "We have had three instances in the past 6 months where a Defendant removed an action by Dr. McCulloch to Federal Court and we filed a motion to remand and in each of those cases the Court required that the Defendant's motion to dismiss proceed parallel to the motion to remand."  (Doc. No. 20, p.2).  Accordingly, rather than

proving that the decision to brief the motion to dismiss with the motion remand, was vexatious McCulloch's statements to Judge Broderick demonstrate that this was the normal practice. (*Id.*).

McCulloch also argues that Oxford is not entitled to an attorney's fee award because it has not shown that it was the financially responsible party. (Doc. No. 74, p. 6). This argument is meritless. First, Oxford is a claim fiduciary which insured the benefits payable under the ERISA-governed plan. (Doc. No. 7, Ex. A). Numerous claims have been maintained against a claim fiduciary under ERISA. *See Biomed Pharm., Inc.* v. *Oxford Health Plans (N.Y.), Inc.*, 522 F. App'x 81 (2d Cir. 2013)*; Krauss* v. *Oxford Health Plans, Inc.*, 517 F.3d 614, 617 (2d Cir. 2008). McCulloch cites *Plastic Surgery Group, P.C.* v. *United Healthcare Ins. Co. of New York*, 64 F. Supp. 3d 459 (E.D.N.Y. 2014) to support its point that Oxford was not a proper party to an ERISA cause of action. But *Plastic Surgery Group, P.C.* is inapposite because it involved a self-funded plan. *Id.* At 470. Moreover, Oxford never asserted that it was not the proper party in this action. Second, the invoices demonstrate that Oxford incurred the legal expenses in this case. (Doc. No. 69, Ex. "A"). McCulloch's speculation that the expenses will be charged back to the plan are irrelevant to the Court's analysis under *Chambless*. (Doc. No. 74, p. 14, n. 3).

Accordingly, this court should find that the *Chambless* factors weigh in favor of granting an award of attorney's fees to Oxford.

## **CONCLUSION**

Based on all of the foregoing reasons and for those set forth in its initial Memorandum of Law, Oxford respectfully requests that this Court issue an Order awarding Oxford its attorney's fees and costs.

Dated:   New York, New York
         August 5, 2015

                                        Respectfully submitted,

                                        s/_____
                                        JOHN T. SEYBERT
                                        SEDGWICK LLP
                                        225 Liberty Street, 28th Floor
                                        New York, NY 10281
                                        Telephone: (212) 422-0202
                                        Facsimile: (212) 422-0925
                                        *Attorneys for Defendant*

To:

Mario A. Vasquez
EBANKS & SATTLER, LLP
20 Vesey Street, Suite 503
New York, New York 10007
Telephone: (212) 766-4411

Kenneth J. McCulloch Esq.
The Law Offices of Kenneth McCulloch
111 John Street, Suite 2509
New York NY 10038
Business Phone:  (212) 398-9508
Business E-mail:  KMcCulloch@brgslaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, John T. Seybert, hereby certify and affirm that a true and correct copy of the attached DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF APPLICATION FOR ATTORNEY'S FEES was served via ECF on this 5th day of August, 2015, upon the following:

| | |
|---|---|
| Mario A. Vasquez | Kenneth J. McCulloch Esq. |
| Ebanks & Sattler, LLP | The Law Offices of Kenneth McCulloch |
| 20 Vesey Street, Suite 503 | 111 John Street, Suite 2509 |
| New York, New York 10007 | New York New York 10038 |

s/_____
JOHN T. SEYBERT

Dated:   New York, New York
          August 5, 2015